UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:  07-13-SS-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GEORGE CLARK, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the United States' request to introduce evidence of other crimes, wrongs, or acts against Defendant George Clark at trial.  [Record No. 136] In particular, the United States seeks to admit evidence relating to the Defendant's state convictions for armed robbery.  The Defendant has objected to the United States' request and contends that the evidence is inadmissible under Rules 404(b) and 403 of the Federal Rules of Evidence.

The Court conducted a hearing on the United States' request to admit 404(b) evidence on August 15, 2007.  At that hearing, the United States presented testimony and evidence, including a videotaped statement of the Defendant.  Having reviewed the testimony and evidence, the parties arguments and relevant legal authorities, the Court will grant the United States' request and admit the proposed evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

I.      **Background**

The Defendant is charged with multiple crimes related to an alleged crime spree in the summer of 2006.  According to the United States, the Defendant was the leader of a group of

-1-

individuals that committed seven armed robberies in Perry County, Kentucky. These individuals, posing as police, entered the home of suspected drug dealers and robbed them at gunpoint. During the robberies, the individuals, led by the Defendant, brandished firearms and, on at least one occasion, discharged a weapon. As a result of these events, the Defendant has been charged in a multiple-count indictment with violating Title 18 of the United States Code, Section 1951 (interference with commerce by violence or threat of violence), Section 924(c)(1)(A) (use of firearm relative to a federal crime of violence) and Section 371 (conspiracy).

Through its notice filed pursuant to 404(b), the United States seeks to introduce evidence of the Defendant's 1998 state court convictions for Robbery, First Degree (armed robbery), in Whitley and McCreary Counties. According to the United States, these prior convictions involve conduct "virtually identical to the offense conduct in the case at bar." [Record No. 136] At the hearing, the United States presented the testimony of Wayne Bird, a Detective Sergeant with the Williamsburg Police Department. Sergeant Bird testified that, in July 1998, the Williamsburg Police Department received a call that a robbery had occurred at the Nolan Field residence in Whitley County. In responding to the call, the police interviewed Mr. Fields who stated that several male subjects, impersonating police officers, entered his residence with a fake search warrant and took a quantity of marijuana. The police suspected the Defendant of the invasion and executed a search warrant at his residence and at the residence of Paul Mays, another suspect. As a result, the police recovered a number of items, including weapons, police uniforms, badges, IDs and copies of search warrants from the Kentucky State Police (KSP).

The second robbery occurred in July 1998, in McCreary County, Kentucky. Four individuals, dressed as police officers, went to the home of Bob Walters and searched his home,

claiming that they had a search warrant.  They took money and drugs.  After the search was complete, the men made Walters and Randy Jones get into Walters' van and take them to Doc Moore's residence for a second robbery.  Again, the men entered the home under the guise of police authority and took various items, including approximately $8,000 in cash.  The four men fled the scene and left Walters and Jones handcuffed to the steering wheel of a van.

Subsequently, Detective Ronnie Meadors from the KSP contacted the Defendant and requested that he give a taped statement concerning his involvement in the Whitley and McCreary County robberies.  On the tape, which the United States played at the 404(b) hearing before this Court, the Defendant admitted that he was involved in the robberies.

During the hearing, the United States also presented the testimony of Tim Briggs, a Special Agent with the Federal Bureau of Investigation (FBI).  Special Agent Briggs testified that the Defendant contacted the FBI and requested an interview.  Special Agent Briggs indicated that the Defendant asked that the information he provided not be used to bring charges against him in federal court.  Special Agent Briggs further testified that the Defendant admitted that he was involved in the robberies specifically acknowledging that he and three other individuals entered the homes of known drug dealers, posing as law enforcement, and stole cash and drugs.  Special Agent Briggs also stated that the Defendant indicated that he purchased the police clothing from military surplus stores and bought the badges at Gall's, a police supply store.

## II.     Discussion

Rule 404(b) of the Federal Rules of Evidence provides, in relevant part, that:

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident  .  .  .  .

Fed. R. Evid. 404(b) (emphasis added).  In *United States v. Merriweather*, 78 F.3d 1070, 1076-77 (6th Cir. 1996), the Sixth Circuit outlined a five-step process for examining whether evidence will be admissible under Rule 404(b).  First, "it must be determined as a matter of preliminary fact whether there is sufficient evidence that the prior act occurred."  *Merriweather*, 78 F.3d at 1076 (citation omitted).  Next, upon objection by the defendant, the court should require the United States to "identify the *specific* purpose or purposes for which the government offers the evidence of 'other crimes, wrongs, or acts."  *Id*.  Then, the court must determine whether the stated purpose is "material;" that is whether the purpose is in "issue" in the case.  *Id*. at 1077.  Fourth, if the purpose is material, the court must determine whether "the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403."  *Id*.  Finally, if the evidence meets all prior tests, the court should instruct the jury on the limited purpose for which it is being offered. *Id*.  Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of other crimes, wrongs or acts "to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).

Under the *Merriweather* analysis, the Court must first determine whether there is sufficient evidence that the prior acts occurred.  Here, the proffered "other acts" evidence involves the Defendant's state court convictions in 1998 for Robbery, First Degree (armed robbery).  Given that the Defendant was convicted of the acts, there is sufficient evidence that these acts occurred.

Next, the Court must address is whether the "other acts" evidence is probative of a material issue other than character.  The United States contends that evidence concerning the Defendant's state court robbery convictions is admissible under Rule 404(b) to show intent and plan.  The Sixth Circuit has established that where a defendant is charged with a specific intent offense, evidence of

-4-

his prior bad acts may be admissible under Rule 404(b) for the purpose of proving such intent.

*United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996).  Specifically, the court has held that:

> where there is thrust upon the government, either by virtue of the defense raised by
> the defendant or by virtue of the elements of the crime charged, the affirmative duty
> to prove that the underlying prohibited act was done with a specific criminal intent,
> other acts evidence may be introduced under Rule 404(b).

*United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994).

Here, the Defendant is charged with a Hobbs Act violation.  Specifically, the indictment charges that:

> [o]n or about July 14, 2006, through on or about August 19, 2006, in Perry County,
> . . . George A. Clark and others, . . . did conspire to obstruct, delay and affect, and
> attempt to obstruct, delay and affect, commerce, . . . and the movement of articles
> and commodities in such commerce, by robbery, [and] did unlawfully take an obtain
> personal property, consisting of but not limited to, firearms and controlled substances
> from other persons.

[Record No. 167]  A Hobbs Act violation, such as that brought against the Defendant, is a specific intent offense.  *See United States v. Dabish*, 708 F.2d 240, 242 (6th Cir. 1983) (holding that a Hobbs Act violation is a "specific intent" crime).  Because the United States is required to prove his specific intent beyond a reasonable doubt, the Defendant's 1998 state court armed robbery convictions are relevant to show intent.

As previously noted, the United States also contends that evidence relating to the 1998 convictions is admissible to prove plan.  Specifically, the United States contends that the co-defendants in this case came to the Defendant for advice on how commit this type of offense since he had previously been convicted for crimes involving identical conduct.  The Court finds that evidence relating to these convictions is relevant to show the Defendant's plan for carrying out the offense at issue in this case.

-5-

The Sixth Circuit has also established that, in order to be admissible under Rule 404(b), a prior bad act must also be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Love*, No. 05-6088, 2007 WL 3391169 (6th Cir. Nov. 14, 2007) (citing *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)). With regard to the "substantially similar" requirement, the Sixth Circuit has held that "when the prior bad acts evidence is being offered for the purpose of showing intent, it need not duplicate exactly the instant charge, but need only be sufficiently analogous to support an inference of criminal intent." *Love*, 2007 WL 3391169, at * 4. Here, the Defendant's 1998 convictions for armed robbery involve conduct nearly identical to the conduct charged in the indictment. Notably, in the both instances, individuals invaded the homes of suspected drug dealers, posing as police, and used fictitious search warrants to rob the victims at gunpoint, stealing money and drugs. Because the Defendant exhibited similar conduct in the state court robberies, the Court finds that evidence relating to the Defendant's state court robbery convictions is relevant to show he had the specific intent and plan to commit the Hobbs Act violation, *i.e.*, the robbery, charged in this case. *Id.*; *see also United States v. Bailey*, 61 F. App'x. 233 (6th Cir. 2003).

The Defendant suggests that his 1998 convictions for armed robbery should not be admitted because they occurred approximately eight years before the time period specified in the indictment. The Sixth Circuit has stated that the "prior conduct must be reasonably near in time under the facts of the particular case." *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985). However, the court has held that there is "no absolute maximum number of years that may separate a prior act and the offense charged." *Id*. The Sixth Circuit has previously determined that an eight-year-old conviction is not too remote to be admitted to prove intent to commit a later offense. *See United*

*States v. Matthews*, 440 F.3d 818 (6th Cir. 2006); *United States v. Persinger*, 83 F. App'x. 55, 59 (6th Cir. 2003). Likewise, other courts have found no error in the admission of prior bad acts in excess of eight years old. *See United States v. Rubio-Gonzalez*, 674 F.2d 1067, 1075 (5th Cir. 1982) (concluding that evidence of prior acts dating back ten years was admissible under Rule 404(b)); *United States v. Foley*, 683 F.2d 273, 278 (8th Cir. 1982) (concluding that evidence of an eleven-year-old conviction was admissible under Rule 404(b)). In light of these cases and the factual circumstances of this case, the Court finds that the existence of an eight-year gap between the Defendant's prior convictions and the current charge is insufficient to preclude the admission of evidence relating to these convictions.

The last inquiry this Court must address is whether the probative value of such evidence is "substantially outweighed" by the danger of "unfair prejudice." Fed. R. Evid. 403. While the admission of this evidence will be prejudicial to the Defendant's case, as is most evidence sought to be admitted during criminal cases, the Court finds that evidence of the 1998 armed robbery convictions is highly probative of the Defendant's specific intent and plan to engage in the Hobbs Act violation charged in the indictment. As such, the Court cannot conclude that this evidence is unfairly prejudicial under Rule 403. Moreover, if requested by the Defendant, the prejudicial impact of the evidence will be reduced inasmuch as the Court will give a limiting instruction informing the jury that it will only be permitted to consider such evidence on the issue of intent and plan to commit the crimes and that this evidence is not to be considered for any other purpose. Therefore, any prejudice can be minimized by a cautionary instruction if requested.

### III.    Conclusion

For the reasons discussed herein, it is hereby

-7-

**ORDERED** that the United States' request to introduce evidence of other crimes, wrongs, or acts against Defendant George Clark at trial [Record No. 136] is **GRANTED**.  Evidence relating to the Defendant's 1998 state court convictions for armed robbery will be admissible for the limited purpose of establishing intent and plan.

This 26th day of March, 2008.



Signed By:

_Danny C. Reeves_

United States District Judge