UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

Eastern District of Kentucky
**FILED**

MAY 3 0 2008

AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 07-13-SSS-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GEORGE CLARK, | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

## JURY INSTRUCTION NO. 1

### Introduction

(1)    Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every criminal case.

(3)    Then I will explain the elements, or parts, of the crimes that the Defendant is accused of committing.

(4)    Next, I will explain the Defendant's position regarding the crimes that he is accused of committing.

(5)    After that, I will explain some rules that you must use in evaluating particular testimony and evidence.

-1-

(6)     And finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)     Please listen very carefully to all of these instructions.

## JURY INSTRUCTION NO. 2

### Juror's Duties

(1)    You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)    Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

-3-

## JURY INSTRUCTION NO. 3

**Presumption of Innocence
Burden of Proof
Reasonable Doubt**

(1)     As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment.  The Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the Defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless and until the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubt or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)    Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## JURY INSTRUCTION NO. 4

### Evidence Defined

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the facts that I have judicially noticed and the parties have stipulated to.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  This is not evidence and you are bound by your oath not to let it influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

## JURY INSTRUCTION NO. 5

### Consideration of Evidence

(1)     You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## JURY INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## JURY INSTRUCTION NO. 7

### Credibility of Witnesses

(1)     Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness' testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness' memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case, that might influence the witness' testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause

the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness' testimony was in light of all the other evidence. Was the witness' testimony supported or contradicted by other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## JURY INSTRUCTION NO. 8

### Number of Witnesses

(1)      One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)      Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## JURY INSTRUCTION NO. 9

### Lawyers' Objections

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)     The lawyers may have objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## JURY INSTRUCTION NO. 10

### General Rules

(1)    That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the Defendant is accused of committing.

(2)    But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(3)    Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the Defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## JURY INSTRUCTION NO. 11

### Single Defendant Charged with Multiple Crimes

(1)     The Defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## JURY INSTRUCTION NO. 12

### On or About

(1)     Next, I want to say a word about the dates mentioned in the Indictment.

(2)     The Indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on the exact dates set forth in the Indictment. But the government must prove that the crimes happened reasonably close to those dates.

## JURY INSTRUCTION NO. 14

### Inferring Required Mental State

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

-16-

## JURY INSTRUCTION NO. 15

### Count 1
### 18 U.S.C. § 1951

(1)     Count 1 of the indictment alleges a criminal conspiracy.  Specifically, Count 1 charges the Defendant with conspiring with others to commit the substantive crime of interference with commerce by threats or violence.  In order to prove the Defendant guilty of Count 1, the government must prove the elements of the underlying substantive crime and prove that he was involved in a conspiracy.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)     A conspiracy is a kind of criminal partnership. For you to find the Defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

> (A)     First, that on or about July 14, 2006, and continuing through on or about August 19, 2006, in Perry County, Kentucky, and elsewhere, two or more persons conspired, or agreed, to commit the crime of Interference with Commerce by Threats or Violence;

> (B)     And second, that the Defendant knowingly and voluntarily joined the conspiracy.

(3)     You must be convinced that the government has proved these elements beyond a reasonable doubt in order to find the Defendant guilty of a conspiracy charge.

-17-

## JURY INSTRUCTION NO. 16

### Agreement

(1)     With regard to the first element--a criminal agreement-- the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the substantive offense charged in the particular count.

(2)     This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

(3)     What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the substantive crime.  This is essential.

(4)     An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.

(5)     But it is up to the government to convince you that such facts and circumstances existed in this particular case.

-18-

## JURY INSTRUCTION NO. 17

### Defendant's Connection to the Conspiracy

(1)     If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the Defendant knowingly and voluntarily joined that agreement. To convict the Defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2)     This does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3)     But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the Defendant joined a conspiracy. But without more they are not enough.

(4)     What the government must prove is that the Defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

(5)     The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

-19-

## <u>JURY INSTRUCTION NO. 18</u>

### Unindicted, Unnamed, or Separately Tried Co-Conspirators

(1)      Some of the people who may have been involved in these events are not on trial. This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

(2)      Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

## JURY INSTRUCTION NO. 19

### Venue

(1)     Now, some of the events that you have heard about happened in other places. There is no requirement that the entire conspiracy take place in Perry County, Kentucky.  But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement, or one or more acts, took place in Perry County, Kentucky.

(2)     Unlike all the other elements that I have described, this is a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

(3)     Remember that all the other elements I have described must be proved beyond a reasonable doubt.

### JURY INSTRUCTION NO. 20

(1)　　Count 1 charges the Defendant with conspiracy to commit the substantive crime

of interference with commerce by threats or violence in violation of Title 18 of the United States

Code, Section 1951.　This statute provides that "[w]hoever in any way or degree obstructs,

delays, or affects commerce or the movement of any article or commodity in commerce, by

robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence

to any person or property in furtherance of a plan or purpose to do anything . . . shall be guilty

of an offense under this sub chapter."

(2)　　In particular, the indictment charges that the Defendant and others did unlawfully

take and obtain the personal property, including, but not limited to, firearms and controlled

substances from other persons, against their will by means of actual and threatened force,

violence and fear of injury, immediate and future, by threatening physical force by using,

carrying, brandishing and discharging firearms.

(3)　　For you to find the Defendant guilty of this crime, you must find that the

government has proved each and every one of the following elements beyond a reasonable

doubt:

　　　　　　(A)　　First, that the Defendant committed a robbery; and

　　　　　　(B)　　Second, that it interfered with interstate commerce.

(4)　　Now, I will give you more detailed instructions on some of these terms discussed

in the statute.

(5)　　The term "robbery" means the unlawful taking or obtaining of personal property

from the person or in the presence of another, against his will, by means of actual or threatened

-22-

force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(6)     The term "extortion" means the obtaining of property from another with his consent, induced by wrongful use of actual threatened force, violence, or fear, or under color of official right.

(7)     The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United Sates; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

## JURY INSTRUCTION NO. 21

### Counts 2, 4, 6, 8, 10, 12 and 14
### 21 U.S.C. § 841, 21 U.S.C. § 846

(1)      Counts 2, 4, 6, 8, 10, 12 and 14 charge the Defendant with attempting to possess with intent to distribute Schedule II, III or IV controlled substances, in violation of Title 21 of the United States Code, Sections 841(a)(1) and 846.

(2)      Count 2 charges events occurring on or about July 14, 2006, in Leslie County, within the Eastern District of Kentucky.  Count 4 charges events occurring on or about August 6, 2006, in Clay County, within the Eastern District of Kentucky.  Count 6 charges events occurring on or about August 17, 2006, in Laurel County, within the Eastern District of Kentucky.  Count 8 charges events occurring on or about August 17, 2006, in Leslie County, within the Eastern District of Kentucky.  Count 10 charges events occurring on or about August 18, 2006, in Perry County, within the Eastern District of Kentucky.  Count 12 charges events occurring on or about August 18, 2006, in Perry County, within the Eastern District of Kentucky. Count 14 charges events occurring on or about August 18, 2006, in Perry County, within the Eastern District of Kentucky.

(3)      In order to find the Defendant guilty of one or more of these counts, you must find the following elements beyond a reasonable doubt:

> (A)      First, that the Defendant intended to commit the crime of possession with intent to distribute Schedule II, III or IV controlled substances;

> (B)      Second that the Defendant did some overt act that was a substantial step towards committing the crime of possession with intent to distribute a

-24-

Schedule II, III or IV controlled substances.

(4)     Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to possess with the intent to distribute Schedule II, III, or IV controlled substances.  But the government does not have to prove that the Defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.

(5)     The term "controlled substance" means a drug or other substance included in Schedule II, III, or IV of the federal drug laws.

(6)     The term "distribute" means to deliver a controlled substance.

(7)     The term "deliver" means the actual, constructive, or attempted transfer of a controlled substance.

(8)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about either one of these elements, then you must find the Defendant not guilty.

## JURY INSTRUCTION NO. 22

### Counts 3, 5, 7, 9, 11, 13 and 15
### 18 U.S.C. § 924(c)(1)

(1)     Counts 3, 5, 7, 9, 11, 13 and 15 charge the Defendant and others with using, carrying, brandishing and/or discharging a firearm during and in relation to the drug trafficking crimes charged in Counts 2, 4, 6, 8, 10, 12 and 14, in violation of Title 18 of the United States Code, Section 924(c)(1).

(2)     Count 3 charges events occurring on or about July 14, 2006, in Leslie County, within the Eastern District of Kentucky.  Count 5 charges events occurring on or about August 6, 2006, in Clay County, within the Eastern District of Kentucky.  Count 7 charges events occurring on or about August 17, 2006, in Laurel County, within the Eastern District of Kentucky.  Count 9 charges events occurring on or about August 17, 2006, in Leslie County, within the Eastern District of Kentucky.  Count 11 charges events occurring on or about August 18, 2006, in Perry County, within the Eastern District of Kentucky.  Count 13 charges events occurring on or about August 18, 2006, in Perry County, within the Eastern District of Kentucky. Count 15 charges events occurring on or about August 18, 2006, in Perry County, within the Eastern District of Kentucky.

(3)     In order to find the Defendant guilty of one or more of these counts, you must find the following elements beyond a reasonable doubt:

(A)     First, that the Defendant committed one or more of the drug trafficking crimes charged in Counts 2, 4, 6, 8, 10, 12 and 14 of the Indictment (Count 3 corresponds with Count 2, Count 5 corresponds with Count 4,

-26-

Count 7 corresponds with Count 6, Count 9 corresponds with Count 8, Count 11 corresponds with Count 10, Count 13 corresponds with Count 12 and Count 15 corresponds with Count 14); and

(B)     Second, that the Defendant knowingly used, carried, brandished and/or discharged a firearm during and in relation to the commission of the drug trafficking crimes.

(4)     Now I will give you more detailed instructions on some of these terms.

(5)     To establish "use," the government must prove active employment of the firearm during and in relation to the drug trafficking crimes. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire (i.e., discharging or attempting to discharge), a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the drug trafficking crimes charged in the indictment. "Use" requires more than mere possession or storage.

(6)     "Carrying" a firearm includes carrying it on or about one's person. "Carrying" also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies including in the glove compartment or trunk.

(7)     The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

(8)     The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any

-27-

destructive device.

(9)     The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the drug trafficking crimes charged in the indictment.  In other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crimes charged, and the firearm's presence or involvement cannot be the result of accident or coincidence.

(10)     The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(11)     If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## JURY INSTRUCTION NO. 23

### Counts 16, 17 and 19
### 18 U.S.C. § 922(g)(1)

(1)      Counts 16, 17 and 19 of the indictment charge the Defendant with being a convicted felon in possession of one or more firearms in violation of Title 18 of the United State Code, Section 922(g)(1).   Count 16 of the indictment charges that the Defendant was in possession of the following firearms on or about August 19, 2006, in Leslie and Perry Counties, Kentucky:

   (A)      Rock River Arms Inc., Model LAR-15, .223 caliber rifle

   (B)      Olympic Arms, Model PCR, .223 caliber rifle

   (C)      Highpoint, Model C9, 9 millimeter semiautomatic pistol

(2)      Count 17 of the indictment charges that the Defendant was in possession of the following firearm on or about March 7, 2006, in Leslie County, Kentucky:

   (A)      Rock River Arms Inc., Model LAR-15, .223 caliber rifle

(3)      Count 19 of the indictment charges that the Defendant was in possession of the following firearm on or about June 24, 2006, in Perry County, Kentucky:

   (A)      Rock River Arms Inc. Model LAR-15, .223 caliber rifle

(4)      For you to find the Defendant guilty of one or more of these counts, the government must prove the following three elements beyond a reasonable doubt:

   (A)      First, that the Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;

   (B)      Second, that the Defendant, following his conviction, knowingly possessed

-29-

one or more of the firearms listed in the indictment; and

   (C) Third, that the firearm or firearms was in or affecting commerce. That is, that before the Defendant possessed the firearm or firearms, they had traveled at some time from one state to another.

  (5) Now I will give you more detailed instructions on some of these elements.

  (6) Again, the term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

  (7) The term "knowingly possessed" means that the Defendant knew he possessed a firearm, as opposed to some other object, and that he was aware of his possession. The government is not required to prove that the Defendant knew that his possession was illegal.

  (8) The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime which is a felony. The phrase would include both state and federal crimes, and would include any crime for which the punishment could be more than one year, unless the crime is specifically classified as a misdemeanor. Even if the sentence actually received is less than one year, the crime would still be a felony, if so classified.

  (9) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

-30-

## JURY INSTRUCTION NO. 24

### Count 18
### 18 U.S.C. § 922(j)

(1)     Count 18 of the indictment charges the Defendant with knowingly possessing stolen firearms in violation of Title 18, United States Code, Section 922(j).  The indictment charges that the Defendant was in possession of the following:

    (A)     Savage Arms Inc., Model 64, .22 caliber rifle

    (B)     Marlin, Model 60W, .22 caliber rifle

    (C)     Marlin, Model 150M, .22 caliber rifle

    (D)     Marlin, Model 1895SS, 45-70 caliber rifle

    (E)     Remington, Model 17, 20 gauge short-barrel shotgun

(2)     For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

    (A)     First, that the Defendant possessed one or more of the firearms charged in Count 18 of the indictment.

    (B)     Second, that before the Defendant possessed the firearm or firearms, he knew or had reasonable cause to believe that the firearm or firearms were stolen, and

    (C)     Third, that the possession of the firearm or firearms was in or affecting commerce. That is, that before the Defendant possessed the stolen firearm or firearms, they had traveled at some time from one state to another.

(3)     If you are convinced that the government has proved all of these elements, say so

by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## JURY INSTRUCTION NO. 25

**Counts 20 and 21**
**18 U.S.C. § 498**

(1)     Counts 20 and 21 charge the Defendant with knowingly possessing a certificate of discharge (FORM DD-214) from the United States Army that had been forged, counterfeited or falsely altered, in violation of Title 18 of the United States Code, Section 498.

(2)     In order to find the Defendant guilty of one or both of these counts, you must find beyond a reasonable doubt that the Defendant knowingly possessed a certificate of discharge (FORM DD-214) from the United States Army that had been forged, counterfeited or falsely altered.

## JURY INSTRUCTION NO. 26

### Actual and Constructive Possession

(1)     Next, I want to explain something about possession.  The government does not necessarily have to prove that the Defendant physically possessed a certificate of discharge (FORM DD-214) from the United States Army that had been forged, counterfeited or falsely altered for you to find him guilty of the crimes charged in Counts 20 and 21.  The law recognizes two kinds of possession--actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

(2)     To establish actual possession, the government must prove that the Defendant had direct, physical control over the certificate of discharge, and knew that he had control of it.

(3)     To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over the certificate of discharge, and knew that he had this right, and that he intended to exercise physical control over the certificate of discharge at some time, either directly or through other persons.

(4)     For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5)     But understand that just being present where something is located does not equal possession.   The government must prove that the Defendant had actual or constructive possession of the certificate of discharge, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

-34-

## JURY INSTRUCTION NO. 27

### Deliberate Ignorance

(1)     Next, I want to explain something about proving a defendant's knowledge.

(2)     No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that a crime was being committed, then you may find that he knew of the crime.

(3)     But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that a crime was being committed, and that the Defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

## JURY INSTRUCTION NO. 28

### Defense Theory

(1)     That concludes the part of my instructions explaining the elements of the crimes. Next I will explain the Defendant's position.

(2)     It is the position of the Defendant that the government has not met its burden of proof to establish the crimes charged in the Indictment beyond a reasonable doubt.  Further, it is the position of the Defendant that James Bowling, Jeremy Brashear and Rick Brashear, with the assistance of their friends and families, have falsely implicated George Clark in order to obtain lighter sentences for themselves.

## JURY INSTRUCTION NO. 29

### Consideration of the Evidence

(1)    Next I will explain some rules that you must use in considering some of the testimony and evidence.

## JURY INSTRUCTION NO. 30

### Defendant's Testimony

(1)     You have heard the Defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness' testimony.

(2)     You should consider those same things in evaluating the Defendant's testimony.

## JURY INSTRUCTION NO. 31

### Opinion Testimony

(1)     Todd Willard, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives provided opinion testimony. You have also heard the testimony of United States Army Colonel (retired), Danny McKnight, who testified in a dual role as both fact witness and an opinion witness.

(2)     You are instructed that you do not have to accept a witness' opinion. In deciding how much weight to give it, you should consider the witness' dual role, his qualifications and how he reached his conclusions.

(3)     Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

## JURY INSTRUCTION NO. 32

### Impeachment by a Prior Inconsistent Statement Not Under Oath

(1)      You have heard that before this trial one or more witnesses made statements that may be different from his or her testimony here in court.

(2)      These earlier statements were brought to your attention only to help you decide how believable their testimony was.  You cannot use these statements as proof of anything else. You can only use these statements as one way of evaluating their testimony here in court.

## JURY INSTRUCTION NO. 33

**Impeachment of a Witness other than Defendant by Prior Conviction**

(1)     Next, you have heard that before this trial one or more witnesses was convicted of certain unrelated crimes.

(2)     These earlier convictions were brought to your attention only as one way of helping you decide how believable the witness' testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## JURY INSTRUCTION NO. 34

### Testimony of an Addict-Informant

(1)     You have also heard the testimony of one or more witnesses who were using drugs during the time they testified about. You have also heard that some of these witnesses have not been prosecuted for their actions at this time.

(2)     It is permissible for the government to present the testimony of such witnesses. But you should consider the witness' testimony with more caution than the testimony of other witnesses. An addict may have a constant need for drugs, and for money to buy drugs, and may also have a greater fear of imprisonment because his or her supply of drugs may be cut off. Think about these things and consider whether his or her testimony may have been influenced by these circumstances.

(3)     Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

## JURY INSTRUCTION NO. 35

### Testimony of a Witness Under Reduced Criminal Liability

(1)     You have also heard the testimony of one or more witnesses who testified that he or she hope to receive a reduced sentence based upon his or her cooperation with the government in this matter.

(2)     It is permissible for the government to seek such reductions.  But you should consider these witness' testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by such possible reductions.

(3)     Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

-43-

## JURY INSTRUCTION NO. 36

### Testimony of an Accomplice

(1)     You have also heard the testimony of one or more witnesses who are alleged to have been involved in some of the same crimes that the Defendant is charged with committing. You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

(2)     Do not convict the Defendant based on the unsupported testimony of such witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

(3)     The fact that one of these witnesses has pleaded guilty to a crime is not evidence that the Defendant is guilty, and you cannot consider this against the Defendant in any way.

## JURY INSTRUCTION NO. 37

### Age of Witness

(1)     Next, you have heard the testimony of Kelsie Williams, a young witness. You are advised that no witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.

## JURY INSTRUCTION NO. 38

### Summaries and Other Materials Not Admitted into Evidence

(1)     During the trial you have seen counsel use summaries, charts, drawings or similar material which were offered to assist in the presentation and understanding of the evidence. Unless introduced as an exhibit, this material is not itself evidence and must not be considered as proof of any facts.

## JURY INSTRUCTION NO. 39

### Other Acts of Defendant

(1)     You have heard testimony that the Defendant committed crimes other than the ones charged in the indictment.  If you find the Defendant did those crimes, you can consider the evidence only as it relates to the government's claim regarding the Defendant's intent and plan. You must not consider it for any other purpose.

(2)     Remember that the Defendant is on trial here only for the crimes charged in the indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## JURY INSTRUCTION NO. 40

### Judicial Notice

(1)     I have decided to accept as proved the following facts, even though no evidence may have been presented on these points:

       (A)     First, that Leslie, Clay, Perry, and Laurel Counties are located in the Eastern District of Kentucky

(2)     You may accept these facts as true, but you are not required to do so.

## JURY INSTRUCTION NO. 41

### Stipulation

(1)     The parties have stipulated, or agreed, as follows:

(A)     That the Defendant George Clark is a person who, prior to ~~the~~ March 6, 2006, had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

(2)     Even though no evidence was presented on these points, you may accept these facts as true.

## JURY INSTRUCTION NO. 42

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## JURY INSTRUCTION NO. 43

### Experiments, Research and Investigation

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## JURY INSTRUCTION NO. 44

### Unanimous Verdict

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves him guilty beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.

## JURY INSTRUCTION NO. 45

### Duty to Deliberate

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the Defendant guilty beyond a reasonable doubt.

## JURY INSTRUCTION NO. 46

### Punishment

(1)     If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

## JURY INSTRUCTION NO. 47

### Juror Notes

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## JURY INSTRUCTION NO. 48

### Verdict Limited to Charges against the Defendant

(1)     Again, you are reminded that the Defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(2)     Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the Defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## JURY INSTRUCTION NO. 49

### Verdict Form

(1)     I have prepared a verdict form that you should use to record your verdict.

(2)     If you decide that the government has proved one or more of the charges against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and then notify the court security officer that you have reached a verdict.

## JURY INSTRUCTION NO. 50

### Court Has No Opinion

(1)      Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the Defendant guilty beyond a reasonable doubt.