```
                United States District Court
                 Eastern District of Kentucky
                  Southern Division at London


UNITED STATES OF AMERICA     )  London Criminal
                             )  Action No. 07-13-SSS
   vs.                       )
                             )  London, Kentucky
GEORGE CLARK                 )  September 15, 2008
                             )  9:00 a.m.
                             )
```

TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE DANNY C. REEVES

Appearances of Counsel:

On behalf of the United States:     ROGER WEST, ESQ.
                                    Assistant U.S. Attorney
                                    260 West Vine Street
                                    Suite 300
                                    Lexington, Kentucky  40507


On behalf of the Defendant:         DAVID S. HOSKINS, ESQ.
                                    107 East First Street
                                    Corbin, Kentucky  40701


Court Reporter:                     CYNTHIA A. OAKES, CRR
                                    Official Court Reporter
                                    United States District Court
                                    560 Athens Boonesboro Road
                                    Winchester, Kentucky  40391
                                    (859) 983-4346




Proceedings recorded by mechanical stenography,
transcript produced by computer.

1         THE COURT:  Thank you.
2         Madam Clerk, if you could call the matter scheduled
3 for 9:00, please.
4         THE CLERK:  Yes, Your Honor.  London Criminal
5 No. 07-13-SS, United States of America v. George Clark.
6         THE COURT:  If counsel could state their appearances
7 for the record, please.
8         MR. WEST:  Yes, Your Honor.  Good morning, Roger West
9 on behalf of the United States.
10        THE COURT:  Thank you, Mr. West.
11        MR. WEST:  Certainly.
12        THE COURT:  Mr. Hoskins.
13        MR. HOSKINS:  David Hoskins for the defendant, George
14 Clark.
15        THE COURT:  Thank you.  And this is Mr. Clark that's
16 at counsel table.
17        MR. HOSKINS:  Yes, Your Honor.
18        THE COURT:  Thank you.
19        This matter is scheduled for a sentencing hearing this
20 morning.  Before we proceed with the sentencing hearing, let me
21 first confirm that Mr. Clark has received a copy of his
22 presentence report and that he's had the opportunity to discuss
23 the report with his counsel.
24        MR. HOSKINS:  Your Honor, Mr. Clark has received a
25 copy of the original report.  There were a couple of minor

1  changes that were made --
2          THE COURT: All right.
3          MR. HOSKINS: -- pursuant to my conversation with
4  Mr. Mills and the probation office. Because of problems with my
5  office computer system, I was unable to get a copy printed to
6  get to Mr. Clark, but I have apprised him of those changes that
7  have no effect on the guidelines.
8          THE COURT: All right. Are the parties ready to
9  proceed in that event?
10         MR. HOSKINS: Yes, Your Honor.
11         THE COURT: Thank you.
12         Well, in just a moment, I will review the guideline
13 calculations with the parties. Before I do so, let me remind
14 the attorneys that if there are any additional factors that you
15 would like to call to my attention that are relevant to
16 sentencing under Title 18, Section 3553, please do so during
17 allocution in the case.
18         With respect to the guideline calculations and
19 inasmuch there are no objections to the presentence report, I
20 will adopt the findings, as well as the calculations that I will
21 review with the parties at this time.
22         With respect to the offense level calculations,
23 because of the grouping that takes place, the Hobbs Act
24 violation, Count 1, is broken down into the separate robbery
25 charges, and then the Court looks at the higher adjusted offense

1  level for each of those robbery charges, and that becomes the
2  offense level for Count 1. And Count 1 is then grouped with the
3  possession and intent to distribute charges, Counts 2, 4, 6, 8,
4  10, 12, and 14.
5      The higher offense level for Count 1 is a level 29.
6  The adjusted offense level for the possession and attempt to
7  distribute charges is a level 20. And then, as indicated in
8  paragraph 211, Count 1 is grouped with those counts, and the
9  Court then would apply the count with the higher offense level.
10     And then, in addition, the possession of firearms
11 charges, Counts 16, 17, 18, and 19, are grouped separately, and
12 the adjusted offense level for those counts would be a level 38.
13     Next, the possession of forged certificate of
14 discharge forms are grouped together, Counts 20 and 21, and the
15 offense level for those two counts would be a level 6, and
16 that's the adjusted offense level.
17     And then there's the multiple count adjustment that
18 takes place under 3D1.4, and that results in a grouping of those
19 counts together, and, again, the Court applies the higher of the
20 offense levels, which would be the offense level for the
21 possession of firearms by a convicted felon grouping of 38.
22     Now, there is one typographical error contained in
23 paragraph 235 that I will note for the record, which indicates
24 combined adjusted offense level of 40. Actually it's a 38, and
25 that's what's indicated in the right-hand column of a 38. And

1  as indicated in paragraph 236, the defendant is an armed career
2  criminal under 4B1.4, and as a result of all those calculations,
3  the adjusted offense level for those counts would be a level 38.
4        The Court then has to consider the separate statutory
5  penalties that have mandatory minimums attached for brandishing
6  of a firearm during and in relation to a drug trafficking crime.
7  The first count would require seven years consecutive.  The
8  other counts, Counts 5, 7, 9, 11, 13, and 15, would each carry a
9  25-year mandatory minimum to be imposed, again consecutive to
10 any other term of imprisonment.
11       And those are the offense level calculations.  The
12 defendant's criminal history is contained in the report as well
13 beginning at paragraph 241, and as indicated in paragraph 249,
14 the defendant has nine criminal history points, which would
15 establish Criminal History Category IV for sentencing purposes.
16       There is additional information concerning other
17 charges against the defendant that have been dismissed.  The
18 Court has also considered the personal and the offender
19 characteristics contained in -- beginning in paragraphs 261 and
20 thereafter.
21       I'll also call to your attention that the maximum
22 statutory penalty under Count 1, as set forth in paragraph 277,
23 is a term of 20 years, Counts 2, 4, 6, 8, 10, 12, and 14, the
24 maximum term is 20 years, and Counts 16, 17, 18, 19, the minimum
25 term of imprisonment is 15 years as to those charges, and the

1 maximum term under Counts 20 and 21 would be a term of one year.
2 And then as indicated in paragraphs 281 through 283,
3 there are the additional mandatory minimums that the Court must
4 apply in the case.
5 Finally, as set forth in paragraph 283, based on the
6 total offense level of 38 and the defendant's Criminal History
7 Category of IV, the guideline range for the counts that were
8 grouped is a range of 324 to 425 months under Section 2K2.4(b),
9 and then, of course, the Court has to apply the mandatory
10 minimum terms under Count 3 of seven years; Count 5, 7, 9, 11,
11 13, and 15 of 25 years each.
12 PROBATION OFFICER: Your Honor?
13 THE COURT: Yes, sir.
14 PROBATION OFFICER: There's a typographical error in
15 paragraph 283. The top of the guideline range there should be
16 405 months.
17 THE COURT: 405, yes. That's correct. I do note that
18 change for the record. 324 to 405.
19 Now, those are the relevant guideline calculations.
20 Also, the fine calculations are contained in the report. And as
21 reflected in paragraph 300, the fine range for the offense is a
22 range of 25,000 to $7 million. And I will note – and the
23 parties may wish to address this – that the defendant failed to
24 provide any information to the probation office to make a
25 determination as to the fine, and so the Court would likely

1 impose a fine, at a minimum, at the bottom of the guideline
2 range based upon the failure to provide that information and to
3 establish that he's not able to pay a fine.
4     And those are the relevant calculations that the Court
5 has adopted. Are there any motions to be taken up before we
6 proceed with allocution in the case?
7     MR. WEST: Yes, Your Honor. We would move to dismiss
8 the underlying indictments in this matter, the three underlying,
9 please.
10     THE COURT: All right. I believe this was the third
11 superseding indictment?
12     MR. WEST: It was, Your Honor.
13     THE COURT: So all prior indictments naming the
14 defendant will be dismissed as to this defendant.
15     Any other motions, Mr. West?
16     MR. WEST: No, Your Honor.
17     THE COURT: Mr. Hoskins, any motions?
18     MR. HOSKINS: Your Honor, I don't have any motions
19 that I have filed. I have made the Court aware this morning
20 that Mr. Clark has asked me to ask the Court to recuse based on
21 possibility of bias arising from an alleged plot that Mr. Clark
22 is alleged to have been involved in involving injury to the
23 Court.
24     THE COURT: And I wasn't aware of that. I wasn't
25 aware that he was plotting to kill me. That comes as a surprise

1  to me. But, of course, if that is in the process, then the
2  Court, as it always does, would refer those matters to the
3  Marshal or to the FBI for investigation. So the motion for
4  recusal would be denied at this time.
5         And, of course, Mr. West, if you would please advise
6  the appropriate officials of this alleged plot so that it can be
7  investigated, I would appreciate that.
8         MR. WEST: I would, sir. And I'm aware of some of the
9  circumstances of the previous investigation, and this Court was
10 not mentioned as a target. Agents were mentioned as a target if
11 Mr. Clark were to escape, but there was no mention of this
12 Court.
13        THE COURT: All right. Thank you.
14        Mr. Hoskins, thank you for bringing that to my
15 attention. That's always good to know. Any other motions,
16 Mr. Hoskins?
17        MR. HOSKINS: No, Your Honor.
18        THE COURT: Thank you. If not, we will proceed with
19 allocution in the case, and, Mr. Hoskins, I'll hear from you
20 first and also from Mr. Clark if he would like to address the
21 Court.
22        MR. HOSKINS: Thank you, Your Honor. I don't believe,
23 based on the mandatory minimums that are going to apply in this
24 case, that there's really much discretion that the Court has in
25 this matter and nothing that I can say to assist the Court.

1 THE COURT: All right. Thank you. Would Mr. Clark
2 like to address the Court?
3 THE DEFENDANT: I'm innocent, sir. It doesn't matter
4 what I get.
5 THE COURT: All right. Mr. West.
6 MR. WEST: Yes, Your Honor, just briefly. As the
7 Court is aware of, having sat through this trial and numerous
8 pleas from the co-defendants, I think in looking at Mr. Clark's
9 criminal history, the four prior state convictions and the
10 progression of the 924(c) counts in this matter that it was a
11 progression of violence. The last two sets involving the small
12 child and the victim being head-butted in the face and a shot
13 fired, I think the next one would have resulted in a killing.
14 You can see the pattern there.
15 Mr. Clark's activities in this case has eroded the
16 community's support and respect for local law enforcement. The
17 UNITE and KSP execute numerous search warrants across the
18 southeastern portion of Kentucky. It places these officers in
19 danger when they execute some of these search warrants because
20 perhaps that person inside is going to question whether or not
21 they are true, in fact, law enforcement.
22 Mr. Clark's conduct in this case is he's made numerous
23 attempts, and I don't need to go through them all, to fabricate
24 evidence, to avoid responsibility, to trump up charges against
25 some of the investigators in this matter. He has shown nothing

1 but destain for the law in this matter.  He learned nothing from
2 his previous conduct.
3      I have stood before this Court on two previous cases
4 where sentences were of this nature, Mr. Mann and Ms. Arnold,
5 and this Court made no hesitation about imposing a maximum
6 sentence.  In this matter, we ask this Court to impose the
7 maximum sentence.  And to the extent possible, we would ask for
8 a specific designation within' the Bureau of Prisons.  We'd ask
9 that Mr. Clark be designated to the super max facility in
10 Florence, Colorado, Your Honor.
11      THE COURT:  All right.  Thank you, Mr. West.
12      Of course, in sentencing a defendant, the Court has to
13 look at the specific defendant that is being sentenced.  This
14 isn't a cookie cutter operation, the Court has to consider all
15 of the factors.  And, of course, there are some limitations
16 imposed, statutory limitations imposed in cases such as this
17 that have mandatory minimums.  And this Court, on other
18 occasions, has considered whether stacking mandatory minimums
19 would constitute violation of the Constitution, either the
20 Eighth Amendment or some other section, and the Sixth Circuit
21 has addressed the issue and has determined that it would not
22 constitute such a violation.  And in this particular case, the
23 facts certainly would support the Court finding that there would
24 not be a violation under the facts of this particular case.
25 When we look at the facts, they are truly egregious.

1            Of course, the defendant has maintained his innocence
2   throughout the course of this proceeding.  He has taken certain
3   actions to -- whether they be escape or whether they be false or
4   fraudulent charges against officers, he has pulled out all the
5   stops, so to speak, but the evidence in the case against him
6   certainly was overwhelming.  He was well represented by counsel
7   in this matter, but the jury, I believe, certainly reached the
8   correct conclusion in the case that he was guilty of all charges
9   that were brought against him.
10           The Court, in considering the sentence to be imposed,
11  must take into account what is sufficient but what is not
12  greater than necessary to serve the statutory purposes.  And in
13  this particular case, the Court does believe that he would not
14  be overly punished by what effectively amounts to a life term in
15  a case such as this.  When I consider the history and the
16  characteristics of the defendant, he has continued in his
17  criminal behavior, as shown from his criminal history and as
18  shown throughout the course of this trial.  Also, the nature and
19  the circumstances of these particular offenses were egregious,
20  as outlined by Mr. West.  Breaking into people's homes in the
21  dark of night and robbing folks, even if the defendant believes
22  that they possessed properly or improperly prescription
23  medications, even if the Court were to attribute good motives to
24  him, which I don't, but even if I did that, then there's no
25  place for this type of vigilante justice in this state or in

1 this country.

2     This defendant terrorized a community, terrorized
3 families, and he may feel good about that, but, of course, the
4 Court does not feel good about that.  The Court has to consider
5 the need for the sentence imposed to reflect the seriousness of
6 the offense, and as I indicated, these are serious offenses, and
7 also the need to promote respect for the law, which this
8 defendant has not shown that he has any respect for the law by
9 his conduct in the case and the conduct of his co-defendant and
10 wife in the case.

11     The Court also feels that it should consider the need
12 to provide a just punishment for the offenses that were
13 committed by this defendant.  And along those lines, the Court
14 would believe that in order to impose a just punishment, it
15 would need to run all of the terms consecutive in the case but
16 will not do so.  But that certainly is something that would be
17 necessary to provide a just punishment in the case.

18     The next factor the Court considers is what's
19 necessary to deter conduct, and the Court believes that there's
20 no sentence that could be imposed in the case that would deter
21 the conduct of this defendant, but perhaps the sentence that
22 will be imposed will deter the conduct of others that might be
23 inclined to commit these type of offenses.

24     The term to be imposed in the case upon Mr. Clark as a
25 term of imprisonment will protect the public, because by

incarcerating him effectively for life, he will be hopefully taken away from the public and prevented from doing much more damage to the public.

Finally, in addition to all of the other factors that I have considered, I will consider the need to avoid unwarranted sentencing disparities, and, of course, that's a national factor for the Court to consider. And, again, in these type of cases, several courts have found that it is appropriate to impose consecutive terms for these gun charges that Mr. Clark has been convicted of.

So, again, the defendant has repeatedly obstructed the investigation and the prosecution of the offense, aided by his wife. He's made clear attempts to be illegitimately released from state custody. Of course, that was brought out during the trial of this case. And during the course of this trial, while he was being subject to a psychological evaluation, he was charged with an attempted escape or with possession of contraband which may be used for an escape.

The Court also believes that he perjured himself when he testified in the case and basically took the position that he is taking now, that he's not guilty of any of the offenses and denied all of his wrongful conduct. Of course, he made those statements under oath in an attempt to convince the jury that he was not guilty, and, in doing so, he, again, perjured himself.

In short, the defendant is a dangerous, violent felon

who is a threat to society, and in reviewing the presentence report, I cannot find any redeeming qualities that he has.

So for those reasons I will announce the following sentence of the Court, and it will be the sentence of the Court, pursuant to the Sentencing Reform Act of 1984, as amended by the decisions in *Booker* and *Fanfan*, and I do believe the following sentence is sufficient but not greater than necessary to comply with the purposes of Title 18, Section 3553(a)(2).

Accordingly, it will be the judgment of the Court that the defendant, George A. Clark, will be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 205 months on each of Counts 1, 2, 4, 6, 8, 10, 12, and 14, to be served concurrently, and a term of 12 months on each of Counts 20 and 21, to be served concurrently and with each other. And with the aforementioned terms, also a term of 180 months on each of Counts 16 through 19, concurrent with each other but consecutive to the aforementioned terms. A term of 84 months on Count 3, to be served consecutive to the aforementioned terms, and terms of 300 months on Counts 5, Count 7, 9, 11, 13, and 15, to be served consecutive to the aforementioned terms and consecutive to each other, for a total term of imprisonment of 2,269 months.

Upon release from imprisonment, the defendant will be placed on supervised release for a term of five years, and that term consists of terms of three years on each of Counts 1, 2, 4,

1  6, 8, 10, 12, and 14; terms of five years on each of Counts 3,
2  5, 7, 9, 11, 13, and 15 through 19; and terms of one year on
3  each of Counts 20 and 21, with all those terms to run
4  concurrently.
5          Within 72 hours of release from the custody of the
6  Bureau of Prisons, the defendant shall report in person to the
7  probation office in the district in which the defendant is
8  released.
9          And while on supervised release, the defendant shall
10 not commit another federal, state, or local crime, shall comply
11 with the standard conditions that have been adopted by the
12 Court, as well as the following additional conditions:
13         He shall not possess a firearm, destructive device,
14 ammunition, or dangerous weapon;
15         He shall submit to one drug test within 15 days of
16 release from imprisonment and at least two periodic drug tests
17 thereafter.
18         In addition, the defendant shall comply with the
19 following special conditions:
20         First, he shall abstain from the use of alcohol;
21         Second, he shall participate in a substance abuse
22 treatment program and submit to periodic drug and alcohol
23 testing at the direction and discretion of the probation officer
24 during the term of supervision;
25         Third, that he shall refrain from obstructing or

attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release;

And, finally, that he submit his person, his residence, curtilage, office, or vehicle to a search upon the direction and discretion of the probation office. And, of course, the Court imposes the search condition by virtue of the nature of this particular offense, the violent nature of the offenses of conviction for Mr. Clark.

It will further be ordered that the defendant pay to the United States a special assessment of $100 per felony count and $25 per misdemeanor count, for a total of $1,950, which will be due immediately.

I will also impose a fine at the bottom of the range, inasmuch as the defendant has filed to provide the Court through the probation office with information that would allow the Court to make a determination that he can't pay a fine, and that will be a fine in the amount of $25,000.

I'll also make a finding that determining the nature of the amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, and, therefore, under Title 18, Section 3663(A)(C)(3)(B), restitution will not be ordered in the case. But the total amount that will be due from the defendant will be

1 the sum of $26,950.

2 Following this proceeding, the defendant will be
3 remanded back to the custody of the United States Marshal.
4 I will also make a recommendation, based upon all of
5 the facts that I've outlined and all the information that has
6 been made available to me through the Bureau of Prisons and the
7 defendant's conversations in his complaints to the Bureau of
8 Prisons while he was at, I believe, FMC-Lexington, that he truly
9 needs to be -- that the Court needs to recommend that he be
10 placed in the administrative maximum unit, United States
11 penitentiary located in Florence, Colorado. And I do note for
12 the record that those materials that were faxed to the Court
13 were also faxed to Mr. Hoskins, his attorney, in which he
14 complains to various members, makes very crude remarks that I
15 will not repeat here but should be considered by the Bureau of
16 Prisons in their final placement.
17 That will be the sentence of the Court. Is there any
18 objection either to the sentence of the Court or any of these
19 proceedings under *United States v. Bostic*?
20 MR. WEST: Not for the United States, sir.
21 THE COURT: Mr. Hoskins, any other objections other
22 than those previously raised?
23 MR. HOSKINS: No, Your Honor.
24 THE COURT: All right. Thank you.
25 Madam Clerk, if you would, please, advise the

1 defendant of his right of appeal.

2 THE CLERK: Yes, Your Honor.

3 You are notified by this Court that you have a right
4 to appeal your case to the Sixth Circuit Court of Appeals, which
5 on proper appeal will review your sentence and determine whether
6 it was imposed in violation of applicable law.

7 If you are unable to pay for the cost of the appeal,
8 you have a right to apply for leave to appeal in forma pauperis,
9 which means you may appeal without paying for it. The notice of
10 appeal must be filed in this court within ten days from the date
11 of entry of the judgment.

12 If you are without the services of an attorney and
13 desire to appeal, upon request, the Clerk of the Court shall
14 prepare and file forthwith a notice of appeal on your behalf.

15 If you do not have sufficient funds to employ counsel
16 for appeal proceedings, upon proper application to the United
17 States Court of Appeals for the Sixth Circuit, an attorney will
18 be appointed to prosecute the appeal for you.

19 You may request to be released on a reasonable bond
20 pending the appeal.

21 THE COURT: Thank you.

22 Mr. Clark, you're being handed what was just read. If
23 you would, please, review that with your attorney. You will
24 need to sign the original once you have assured yourself that
25 you do understand your right of appeal, and there's one copy

1 that you can keep for yourself.
2     And, Mr. Hoskins, would you like for the Court to
3 place the letter in the file to document the alleged threat?
4     MR. HOSKINS: I would make that request, Your Honor.
5     THE COURT: All right. I'll ask that that be placed
6 in the file as well, Counsel.
7     Any other matters that need to be taken up in the
8 case?
9     MR. WEST: No, Your Honor. Thank you.
10     THE COURT: Thank you.
11     Mr. Hoskins?
12     MR. HOSKINS: Nothing further, Your Honor.
13     THE COURT: The Court notes for the record,
14 Mr. Hoskins, I believe you were appointed pursuant to the
15 Criminal Justice Act to represent the defendant in this case.
16 Again, the Court appreciates your service in this matter, as
17 well as in other matters, and I'm sure that Mr. Clark does as
18 well.
19     And if there is nothing else to take up in this
20 matter, we will be in recess until 10:00.
21     (Proceedings concluded at (9:26)

C E R T I F I C A T E

    I, Cynthia A. Oakes, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

| 5/27/2009 | s/CYNTHIA A. OAKES |
|---|---|
| DATE | CYNTHIA A. OAKES, RPR, RMR, CRR |