UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 07-0013-DCR |
| | ) | Civil Action No. 2: 12-7208-DCR |
| V. | ) | |
| | ) | |
| GEORGE CLARK, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant George Clark is currently serving a very long sentence following his conviction for a number of very serious crimes. [Record No. 290; Judgment]  After exhausting his direct appeals, Clark filed a motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 364]  This motion was referred to United States Magistrate Judge J. Gregory Wehrman for review and preparation of a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Wehrman filed his report on January 23, 2013, recommending that all relief sought by Clark be denied. [Record No. 398].

The Court has reviewed the Report and Recommendation, together with the defendant's objection [Record No. 402].  Having concluded this review, the undersigned is in complete agreement with Magistrate Judge Wehrman's analysis and recommendations.  Accordingly, Defendant Clark's motion for collateral relief will be denied.  Further, a Certificate of Appealability will not be issued regarding any of Clark's arguments.

-1-

**I.**

The facts relevant to Defendant Clark's motion are accurately summarized in the Magistrate Judge's Report and Recommendation. [Record No. 398]  After being convicted by a jury of: (a) one count of conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951; (b) seven counts of attempting to possess with intent to distribute schedule II, III, and IV controlled substances in violation of 21U.S.C. § 846; (c) seven counts of brandishing firearms during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A); (d) four counts of possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and; two counts of possession of a forged certificate of discharge from military service in violation of 18 U.S.C. § 498, Clark was sentenced to a total term of imprisonment of 2,269 months (*i.e.*, 189 years and one month).  And while it will most likely be a moot point, Clark is also subject to five years of supervised release following service of his term of incarceration.

On March 24, 2011, the United States Court of Appeals for the Sixth Circuit affirmed the defendant's conviction and sentence. [Record No. 349]  Because Clark did not seek review by the United States Supreme Court, his conviction and sentence because final ninety days after the final decision of the Sixth Circuit.  Thus, his current motion, filed April 12, 2012, is timely. *See* 28 U.S.C. § 2255(f).

**II.**

As indicated by Magistrate Judge Wehrman, to obtain habeas relief under 28 U.S.C. § 2255, a defendant must allege and offer proof of: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so

fundamental as to render the entire proceeding invalid." [*See* Record No. 398, citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).] Further, where a defendant's claim is based upon allegations of ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that such deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Jackson v. Bradshaw*, 681 F.3d 753, 760 (6th Cir. 2012).

Additionally, while this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.[1] *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Clark's § 2255 motion. Finally, Clark has not shown that a Certificate of Appealability should issue.[2]

---

[1]    Clark has only objected to the Magistrate Judge's finding and conclusion regarding the admission of certain telephone records. Therefore, he has waived all other objections. Notwithstanding his waiver, the Court has reviewed all issues originally raised by Clark and addressed by the Magistrate Judge.

[2]    A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Clark has not made a substantial

## III.

Defendant Clark asserts that he is entitled to habeas relief due to several instances of ineffective assistance of his trial counsel, David Hoskins.  As a general matter, claims of ineffective assistance are evaluated under the Sixth Amendment to the United States Constitution.   In addition, he contends that he was denied due process under the Fifth Amendment.  Clark's Fifth Amendment claim relates to his assertion that the United States knowingly used false testimony in obtaining his conviction.  To prevail on this claim, Clark must demonstrate that: (1) the statements or testimony at issue was actually false; (2) the statements or testimony was material; and (3) the prosecution knew that the statements or testimony was false.  *U.S. v. Maga*, 475 Fed. Appx. 538, 546 (6th Cir. 2012).  To establish prejudice, Clark must show that there is a reasonable likelihood the allegedly false statement or testimony could have affected the judgment of the jury.  *U.S. v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989).[3]

### A.	Jury Instructions

Contrary to Clark's arguments, the instructions given to the jury were not improper. Thus, his attorney was not ineffective at trial or for failing to raise the issue on appeal.  The instructions closely followed the pattern instructions approved by the Sixth Circuit.  Further, they did not lack specificity nor did they create the impression that it was not necessary to find that

---

showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

[3]	As noted in the Magistrate Judge's Report and Recommendation, mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony. *Lochmondy*, 890 F.2d at 822.

each element must be met with regard to each count charged.  In short, this contention is without merit.  And as noted above, any objection regarding this issue has been waived.

### B.    Alibi Witnesses

Likewise, Clark's trial attorney was not ineffective for any alleged failure to call Tina Garrison as an alibi witness.  As outlined in the Report and Recommendation at pages 6-7, the Hoskins Affidavit establishes that trial counsel served this potential witness with a subpoena for trial.  The fact that Garrison did not appear does not establish a claim of ineffectiveness.  Likewise, Clark has not shown that there is a reasonable probability that, had Garrison testified, the jury's verdict would have changed in any regard.  While evidence of Clark's crime was strong, his alleged alibi was weak.  And as Magistrate Wehrman concluded, "Garrison's alleged testimony would only serve to paint [Clark] as unsavory, threatening her with bodily harm" at a time when Clark was committing other crimes according to the evidence presented by the government. [Record No. 398, p. 7]  Clark has also waived any objection to this issue by failing to address it in his response to the Report and Recommendation.

### C.  The Alleged False Testimony of James Bowling and Jeremy Brashear

A review of the record does not indicate that cooperating witness James Bowling presented false testimony.  According to Clark, Bowling lied when he testified that he did not know that he was under investigation for selling drugs or that an informant had been sent to purchase drugs from him.  Clark states that this testimony was false because, prior to testifying at trial, Bowling was informed of the drug purchase in issue.  Therefore, he was fully aware at the time he testified at the defendant's trial that he had been under investigation.

Having reviewed the disputed testimony, the Court does not conclude that it was either indisputably false or actually perjured. Additionally, Clark has not shown how the statements were material to the issue of Clark's guilt. And while Clark has not shown how the prosecutor knew the subject statements were false, he has also failed to explain how the subject testimony of Bowling affected the outcome of the proceedings.

Likewise, Clark's argument regarding the testimony of Jeremy Brashear is unavailing. The record does not demonstrate that Brashear testified falsely regarding the search for weapons on Clark's property. At most, this witness was mistaken regarding his memory of the search. Further, the witness qualified his statements regarding this issue on more than one occasion. Under the circumstances, the Court could not reasonably conclude that Brashear offered false or misleading testimony, that such testimony was material, or that the allegedly incorrect testimony had any affect on the outcome of the proceedings.

Finally, as noted above, Clark has waived any objection to the Magistrate Judge's findings and recommendations regarding this testimony.

**D.    The Alleged Failure to Obtain Exculpatory Evidence**

Clark has not demonstrated that his trial attorney failed to obtain exculpatory evidence or that he failed to investigate an alternate theory of the case. Clark's assertion that wiretap evidence establishes that another criminal (Stacy Bo Medlin) was speaking on the phone while a robbery was taking place is contradicted by the record. Likewise, Clark does not identify any exculpatory evidence regarding Josh Wilson's participation in the robbery. Objections to this issue have also been waived by Clark.

### E.      Telephone Records

Clark asserts that the jury was provided with a list of phone calls allegedly made between Clark and Brashear.  He argues that his due process rights were violated because, although the phone records were introduced by the government during its case-in-chief, they were never linked to him.  Thus, he contends that his trial attorney was ineffective by failing to object to their introduction.  Additionally, he asserts that his appellate counsel was ineffective for failing to raise this issue on direct appeal with the Sixth Circuit.

Again, Clark's arguments are not supported by the record.  Regarding this issue, a government witness testified that Clark confirmed his home telephone number and that number was listed on the records produced by the representative of the service provider pursuant to a subpoena.  Additionally, the case agent subpoenaed records regarding calls made to George and Deidre Clark's cellular telephones.  By agreement, the parties did not require a records custodian to authenticate the telephone company's business records regarding the defendant's home or cellular telephones.  And counsel was not ineffective for failing to object to the telephone records when they were introduced as United States Trial Exhibit No. 85. [*See* Record No. 314, p. 180.] Further, Clark has failed to show any resulting prejudice from the introduction of telephone records which reflected calls made to and from his home *and* cellular telephone numbers.

## IV.

Clark has not demonstrated that he is entitled to collateral relief under 28 U.S.C. § 2255. Based on the analysis and discussion set out above, it is hereby

**ORDERED** as follows:

1.     The Report and Recommendation of Magistrate Judge [Record No. 398] is **ADOPTED** and **INCORPORATED** by reference.

2.     Defendant George Clark's motion to vacate, set aside, or correct his sentence [Record No. 364] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3.     Defendant Clark's objection [Record No. 402]to the Magistrate Judge's Report and Recommendations is **OVERRULED**.

4.     A Certificate of Appealability shall not issue because Clark has not made a substantial showing of the denial of any substantive constitutional right.  Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

This 11th day of February, 2013.



Signed By:

*Danny C. Reeves*

United States District Judge

-8-