UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 07-013-DCR |
| ) | |
| V. ) | |
| ) | |
| GEORGE CLARK, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

Defendant George Clark is currently serving a very lengthy term of 2,269 months' imprisonment. [Record No. 290] His sentence is the result of his conviction by a jury on twenty-one counts related to a string of home invasions. They include: one count of conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951; seven counts of attempt to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846; seven counts of brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); four counts of possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1); and two counts of possession of a forged certificate of discharge from military service of the United States, in violation of 18 U.S.C. § 498. [*Id.*]

Clark has filed a compassionate-release motion pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting that his sentence be reduced to time-served. [Record No. 510] In support, he asserts that the loss of his leg, in addition to "diabetes and 53 other medical conditions" put him at risk due to the ongoing COVID-19 pandemic. The United States argues in response that Clark has failed to meet the requirements of Section 3582(c)(1)(A). [Record No. 514] After fully

considering the record and the parties' filings, the Court concludes that Clark has failed to demonstrate "extraordinary and compelling reasons" justifying release or that the relevant sentencing factors support a reduction of his sentence.

As a general matter, under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may reduce a sentence previously imposed if "three substantive requirements" are satisfied. *United States v. Ruffin*, 98 F.3d 1000, 1004 (6th Cir. 2020).[1] These include whether (1) "'extraordinary and compelling reasons' warrant a reduction"; (2) "the reduction is consistent with the applicable policy statements issued by the Sentencing Commission"; and (3) "the [18 U.S.C.] § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020). However, in resolving motions filed directly by prisoners, courts may skip the second step. *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020). Accordingly, the Court will address the first and third requirements.

In evaluating the first requirement, the policy statement definitions of "extraordinary and compelling reasons" are no longer binding. *Jones*, 980 F.3d at 1109. Accordingly, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 2021 WL 50169, at *2. However, the undersigned finds that the policy statement and definitions are useful in addressing this issue. *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020). As relevant here, they state:

(A) **Medical Condition of the Defendant.**—

---

[1] A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The government concedes that Clark has satisfied this requirement. [Record No. 514, p. 2]

> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A). To meet this definition, a medical condition must be "so serious that it cannot be adequately addressed in BOP custody." *Abney*, 2020 WL 7497380, at *2.

Clark contends that he has demonstrated "extraordinary and compelling reasons" because his "life is in danger due to the COVID outbreak at the prison, with the pre-existing medical issues [his] chances of surviving COVID-19 are very low." [Record No. 510, p. 4] As noted, Clark contends that he suffers from 53 unspecified medical conditions, in addition to diabetes and a prosthetic left leg. [*Id.* at p. 2] Medical records dated April 24, 2020, indicate that he suffers from hypothyroidism, depression, hypertension, hyperlipidemia, post-traumatic stress disorder, phantom limb syndrome, presbyopia, aural vertigo, hearing loss, and pain. [Record No. 510-1, p. 2–3] And while denying Clark's internal request for a sentence reduction, the BOP's General Counsel confirmed these conditions, in addition to obesity. [Record No. 514-1, p. 1] He also found that, as of May 2020, Clark's conditions were "currently stable" and Clark was "independent with his activities of daily living." [*Id.*, p. 2]

- 3 -

According to the Centers for Disease Control and Prevention ("CDC"), Clark's medical conditions place him at a higher risk for severe illness from COVID-19.[2]  However, he has presented no evidence to support his claim that his "chances of surviving COVID-19 are very low." [Record No. 510, p. 4]  Additionally, he has not demonstrated that any of his conditions are unmanageable while in BOP custody.[3]  Without evidence of a medical condition that warrants release, Clark asks the Court to allow risk of a potential, future illness to meet this standard.  But despite Clark's legitimate concerns about COVID-19, general risk is insufficient to justify a sentence reduction.  Thus, the Court concludes that Clark has not met Section 3582(c)(1)(A)'s first requirement.

Likewise, Clark has not shown that early release is supported by the relevant sentencing factors outlined in 18 U.S.C. § 3553(a).  These factors include (but are not limited to) "the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Jones*, 980 F.3d at 1114.  In support of his present motion, Clark argues that he has since accepted responsibility, stopped using controlled substances, cut ties with his ex-wife, and completed numerous prison programs.[4]  [Record No. 510, pp. 2, 4]  He also alleges

---

[2]  *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated December 29, 2020).

[3]  The BOP is presently working with the CDC and a public-private partnership established by the federal government, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 vaccine to inmates as soon as it is available.  The Court has been advised that, as of January 4, 2021, does of vaccine have been delivered to 48 BOP facilities in various regions of the country, including MCFP Springfield, where Clark is currently held.

[4]  In response, the government notes that Clark has committed several violations while incarcerated.  [Record No. 514-2]

that his disability makes it impossible to re-offend and that he will receive financial support from the Veterans Benefits Administration upon release. [*Id.* at p. 3]

If truthful, Clark's acceptance of responsibility and completion of prison programs are positive signs of improvement, but they do little to outweigh the powerful justifications for Clark's original sentence. At sentencing, the Court noted that the facts of Clark's crimes "are truly egregious." [Record No. 315, p. 10] It noted that Clark had "terrorized a community, terrorized families," and "has not shown that he has any respect for the law by his conduct in the case." [*Id.* at 12] After weighing these factors, the Court determined that Clark "would not be overly punished by what effectively amounts to a life term in a case such as this." [*Id.* at 11] In short, Clark's sentence prevents him from further harming the public, deters others from similar criminal behavior, and reflects the seriousness of the crimes he committed and the obstruction and perjury he engaged in during his criminal proceedings.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Clark's motion for a sentence reduction [Record No. 510] is **DENIED**.

Dated: January 13, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky